Abdoulaye TALL, Appellant

v.

CREDIT PROTECTION ASSOCI-
ATION and Comcast of Mont-
gomery County, Appellees.

No. 10–7163.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 16, 2011.

Abdoulaye Tall, Washington, DC, pro se.

Adam Shartzer Caldwell, Leslie Galla-
gher Moylan, Davis Wright Tremaine
LLP, Washington, DC, for Appellees.

BEFORE: TATEL, GRIFFITH, and
KAVANAUGH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the rec-
ord from the United States District Court
for the District of Columbia and on the
briefs filed by the parties. *See* Fed.
R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It
is

ORDERED AND ADJUDGED
that the district court's orders filed August
20, 2010, and October 29, 2010, be af-
firmed. Appellant has not shown any er-
ror in the district court's holding that it
lacked personal jurisdiction over Comcast
of Potomac, LLC. Comcast of Potomac is
not a resident of the District of Columbia,
and appellant did not allege sufficient facts
to show that Comcast of Potomac per-
formed actions in the District of Columbia
sufficient to warrant the district court's
assertion of jurisdiction over it. *See Inter-
national Shoe Co. v. Washington,* 326 U.S.
310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945);
D.C.Code § 13–423; *GTE New Media Ser-
vices, Inc. v. BellSouth Corp.,* 199 F.3d
1343, 1347–50 (D.C.Cir.2000). Appellant
has also not demonstrated that the district

2

court abused its discretion in making an independent determination of damages and declining to award attorneys' fees when it entered default judgment against Credit Protection Association. Following an entry of default, it is within the district court's discretion to determine what damages are appropriate, *see* Fed.R.Civ.P. 55(b)(2), and appellant appeared pro se and presented no evidence of any attorneys' fees he had paid.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.